Argued December 3, reversed and remanded December 15, 1965

# TROWBRIDGE *v.* STATES STEAMSHIP COMPANY
## 409 P. 2d 179

*Gerald H. Robinson,* Portland, argued the cause for appellant. With him on the briefs were Lent, York & Paulson and Edwin A. York, Portland.

*John G. Holden,* Portland, argued the cause for respondent. With him on the brief were Wood, Wood, Tatum, Mosser & Brooke, Portland.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

SLOAN, J.

Plaintiff, a merchant seaman, was injured when he fell on a gangplank while he was attempting to board defendant's vessel on which he was employed. In this action he alleged that the gangplank was unseaworthy because accumulated dust and dirt had made it slippery. It was raining at the time he fell. The jury found for defendant. Plaintiff appeals. He correctly claims that the court erred in giving an instruction on "transitory unseaworthiness."

The faulty instruction read:

"A vessel does not become unseaworthy by reason of a temporary condition caused by a transient substance if, even so, the vessel was as fit for service as similar vessels in similar services."

The instruction apparently was taken from a similarly worded instruction that was approved in *Pinto v. States Marine Corporation of Delaware* (CCA 2d, 1961) 296 F2d 1. The dissenting voices in *Pinto* cast doubt on the merit of the opinion. Even so, the *Pinto* opinion, in its analysis of *Mitchell v. Trawler Racer, Inc.,* 1960, 362 US 539, 80 S Ct 926, 4 L Ed2d 941,

does not read *Mitchell* as we did in *Gentry v. States Steamship Co.,* 1961, 229 Or 233, at 247, 366 P2d 880.

■■ As stated in *Gentry* we hold that the instruction does not meet the standards set by *Mitchell* that "* * * the duty [of seaworthiness] is [not] less with respect to an unseaworthy condition which may be only temporary." The duty is to furnish a vessel that is reasonably fit. And this applies to a temporary or transitory condition as well as to a permanent one. *Mitchell v. Trawler Racer, Inc.,* supra, 362 US 539, 549, 80 S Ct 926, 932, 4 L Ed2d 941, 948.

■ The instruction was also at fault in applying the test of the standard of care used by other vessels. In this case there was no evidence to support such an instruction. To what extent the care adopted by the industry generally would apply to a determination of seaworthiness we need not say. But in *The T. J. Hooper* (CA 2, 1932) 60 F2d 737 at 740, Judge Learned Hand expressed this opinion:

"* * * Indeed in most cases reasonable prudence is in fact common prudence; but strictly it is never its measure; a whole calling may have unduly lagged in the adoption of new and available devices. It never may set its own tests, however persuasive be its usages. Courts must in the end say what is required; there are precautions so imperative that even their universal disregard will not excuse their omission."

Reversed and remanded.